William F. Lawrence (WL-1395)
Charles J. Raubicheck (CR-5058)
Kevin Murphy (KM-2370)
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, NY 10151
Attorneys for Plaintiffs
(212) 588-0800

**07 CIV 7551**
**JUDGE PRESKA**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

Laerdal Medical AS and
Laerdal Medical Corporation

    Plaintiffs,

                v.

Zoll Medical Corporation, and
Zoll Circulation, Inc.

    Defendants.
-----------------------------------------------------------X

Civ. Action No. 07-CV-

## COMPLAINT

Plaintiffs, Laerdal Medical AS and Laerdal Medical Corporation (collectively, "the Laerdal Plaintiffs"), by their attorneys, allege as follows:

### Nature of the Action

1. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. The Laerdal Plaintiffs seek declaratory relief, i.e., a declaration that Laerdal products do not infringe U.S. Patents Nos. 7,074,199 (the "'199 patent") and 7,108,665 (the "'665 patent"), owned by Defendants.

## The Parties

2. Plaintiff Laerdal Medical AS is a Norwegian corporation having its corporate headquarters in Stavanger, Norway. Laerdal Medical AS is in the business of manufacturing life-saving educational and clinical emergency medical devices. Laerdal Medical AS sells its medical devices to consumers such as hospitals, paramedics, and firefighters throughout the world, including the United States.

3. Plaintiff Laerdal Medical Corporation is a New York corporation having its principal place of business in Wappingers Falls, New York. Laerdal Medical Corporation is in the business of distributing the aforesaid Laerdal Medical AS devices throughout the United States.

4. Defendant Zoll Medical Corporation ("Zoll Medical") is a corporation having its principal place of business in Chelmsford, Massachusetts. Upon information and belief, Defendant Zoll Medical manufactures, distributes and sells emergency resuscitation devices to consumers, such as hospitals, paramedics, and firefighters through the world and derives substantial revenue from interstate and international commerce. Upon information and belief, Zoll Medical regularly does or solicits business in New York and derives substantial revenue from international and interstate commerce. Specifically, upon information and belief, Zoll Medical does substantial business in the Southern District of New York.

5. Defendant Zoll Circulation, Inc. (formerly Revivant Corporation), upon information and belief, is a wholly-owned subsidiary of Zoll Medical whose principal place of business is located in Sunnyvale, California. Zoll Circulation, Inc. is a medical technology company, which engages in the development and marketing of products for

the treatment of cardiac arrest victims. In addition, upon information and belief, Zoll Circulation, Inc. products are also widely distributed throughout the United States, including in New York. Upon information and belief, Zoll Circulation, Inc. regularly does or solicits business in New York and derives substantial revenue from international and interstate commerce. Specifically, upon information and belief, Zoll Circulation, Inc. does substantial business in the Southern District of New York.

**Jurisdiction and Venue**

6. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202 and because this action involves an actual controversy concerning alleged infringement of the patents-in-suit.

7. This Court has personal jurisdiction over Defendant Zoll Medical in that said Defendant: a) transacts and solicits business in the State of New York and within this judicial district, and b) has committed a tortious act without the State of New York causing injury to a person within the State, and c) expects or should reasonably expect the act to have consequences in the State. Further, as noted above, said Defendant derives substantial revenue from interstate and international commerce.

8. This Court has personal jurisdiction over Defendant Zoll Circulation, Inc. in that said Defendant: a) transacts and solicits business in the State of New York and within this judicial district, and b) in concert with Defendant Zoll Medical has committed a tortious act without the State of New York causing injury to a person within the State, and c) expects or should reasonably expect the act to have consequences in the State. Further, as noted above, said Defendant derives substantial revenue from interstate and international commerce.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(a) because both Defendants regularly do business in this district and thus subject to personal jurisdiction in the district.

## Statement of Facts

10. The '199 patent, entitled "CPR Chest Compression Monitor and Method of Use", issued in the names of Heny R. Halperin and Ronald D. Berger on July 11, 2006. A true and correct copy of the '199 patent is attached hereto as Exhibit 1. The '199 patent claims certain methods and systems of administering cardiopulmonary resuscitation (CPR) using a compression monitor. A compression monitor assists the administration of CPR by providing feedback to the person administering CPR.

11. The '665 patent, entitled "CPR Chest Compression Monitor", issued in the names of Heny R. Halperin and Ronald D. Berger on September 19, 2006. A true and correct copy of the '665 patent is attached hereto as Exhibit 2. The '665 patent also claims certain methods of administering CPR by monitoring chest compression.

12. Upon information and belief, Defendant Zoll Circulation, Inc. is the assignee of both the '199 and the '665 patents.

13. Plaintiff Laerdal Medical AS manufactures a line of devices known as Q-CPR® that provide feedback to persons administering CPR. Plaintiff Laerdal Medical Corporation distributes Q-CPR® products in the United States market.

14. Defendant Zoll Medical has affirmatively demonstrated a willingness and intention to enforce the '199 and '665 patents by informing at least one Laerdal Medical AS employee on November 3, 2006 that "some of all of the Laerdal activities in CPR infringe [this] Zoll patent." The particular patent was not specified at that time. Further,

Defendant Zoll Medical warned Plaintiff Laerdal Medical AS that "Zoll will of course enforce this patent to protect our intellectual property and infringement will be considered very serious." Later in November 2006, Zoll Medical informed Laerdal that the particular patents at issue between the parties were the '199 and '665 patents.

15. On July 23, 2007, Zoll Medical's Richard Packer reiterated the threat of an immediate infringement lawsuit by warning Laerdal Medical AS: "I highly suggest we not get out of the month of August [2007] without knowing where we are on this."

16. Zoll Medical's threat of an infringement lawsuit renders the legal status of the Laerdal Plaintiffs' marketing and distribution activities with respect to the Q-CPR® line of products uncertain and is a present injury sufficient to create a justiciable controversy.

17. Zoll Medical has not provided either Plaintiff with a covenant not to sue for infringement of either the '199 or '665 patents.

18. There is a substantial controversy between the Laerdal Plaintiffs and Defendants Zoll Medical Corporation and Zoll Circulation, Inc. ("the Zoll Defendants") of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding infringement of the '199 and '665 patents.

## COUNT I

### Declaration of Non-Infringement of the '199 Patent

19. Plaintiffs repeat and re-allege paragraphs 1-18 above.

20. Plaintiffs seek a declaratory judgment, i.e., a declaration, that neither Laerdal Plaintiff infringes the '199 patent.

21. The Laerdal Plaintiffs' manufacture, use and sale of any Q-CPR® product does not literally infringe any valid and enforceable claim of the '199 patent.

22. The Laerdal Plaintiffs' manufacture, use and sale of any Q-CPR® product does not infringe any valid and enforceable claim of the '199 patent under the doctrine of equivalents.

23. WHEREFORE, the Laerdal Plaintiffs seek appropriate judicial relief, as prayed hereinafter.

## COUNT II

### Declaration of Non-Infringement of the '665 Patent

24. Plaintiffs repeat and re-allege paragraphs 1-23 above.

25. Plaintiffs seek a declaratory judgment that neither Laerdal plaintiff infringes the '665 patent.

26. The Laerdal Plaintiffs' manufacture, use and sale of any Q-CPR® product does not literally infringe any valid and enforceable claim of the '665 patent.

27. The Laerdal Plaintiffs' manufacture, use and sale of any Q-CPR® product does not infringe any valid and enforceable claim of the '665 patent under the doctrine of equivalents.

28. WHEREFORE, the Laerdal Plaintiffs seek appropriate judicial relief, as prayed hereinafter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests the following relief:

(a) A judgment declaring that the manufacture, use and sale of Q-CPR® products in the United States do not constitute acts of literal infringement of U.S. Patents numbered 7,074,199 and 7,108,665;

(b)     A judgment declaring that the manufacture, use and sale of Q-CPR® products in the United States do not constitute acts of infringement of U.S. Patents numbered 7,074,199 and 7,108,665 under the doctrine of equivalents;

(c)     A declaration that this case is exceptional under 35 U.S.C. § 285 and award to the Laerdal Plaintiffs their reasonable attorneys' fees;

(d)     A judgment awarding the Laerdal Plaintiffs their costs and expenses associated with this Action; and

(e)     Such other and further relief as the Court deems just and proper.

FROMMER LAWRENCE AND HAUG, LLP

Dated: August 24, 2007

_____
William F. Lawrence (WL-1395)
Charles J. Raubicheck (CR-5058)
Kevin Murphy (KM-2370)
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800
Facsimile: (212) 588-0500
Attorneys for Plaintiffs
*Laerdal Medical AS*
*Laerdal Medical Corporation*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: August 24, 2007

FROMMER LAWRENCE AND HAUG, LLP

*[signature]*

William F. Lawrence (WL-1395)
Charles J. Raubicheck (CR-5058)
Kevin Murphy (KM-2370)
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800
Facsimile: (212) 588-0500
Attorneys for Plaintiffs
*Laerdal Medical AS*
*Laerdal Medical Corporation*